DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Jerry Snyder ("Jerry"), individually and as Administrator of the Estate of Cary Snyder ("Cary"), appeals from the decision of the Wayne County Court of Common Pleas which granted the motions for summary judgment filed by Appellees, Old Republic Insurance Company ("Old Republic"), National Union Insurance Company ("National Union"), Westfield Insurance Company ("Westfield"), and Cincinnati Insurance Company ("Cincinnati") and dismissed Appellant's complaint. We affirm.
 {¶ 2} On Ocotber 1, 2001, Appellant, filed a complaint against Appellees seeking underinsured motorist ("UIM") coverage. Thereafter, each party filed its own individual motion for summary judgment concerning whether Cary was entitled to UIM coverage under the Old Republic and National Union policies. Appellees responded in opposition to Appellant's motion.
 {¶ 3} Thereafter, the trial court granted summary judgment in favor of Appellees and dismissed Appellant's complaint with prejudice. Appellant timely appeals asserting one assignment of error for review.
 Assignment of Error
"The trial court erred by granting summary judgment in favor of [Appellees] and against Appellant."
 {¶ 4} In his sole assignment of error, Appellant maintains that the trial court erroneously awarded summary judgment to Appellees. Appellant maintains that Cary was entitled to UIM coverage under the insurance policies issued by Appellees. Specifically, Appellant argues that Cary was entitled to UIM coverage under 1) Old Republic's automobile and commercial general liability ("CGL") policies; 2) National Union's umbrella policy; 3) Westfield's business auto policy ("BA"); and 4) Cincinnati's umbrella policy. For the following reasons, we disagree.
 {¶ 5} Pursuant to Civ.R. 56(C), summary judgment is proper if: "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327. An appellate court reviews a trial court's granting of summary judgment de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105; Klingshirn v. Westview Concrete Corp. (1996),113 Ohio App.3d 178, 180. Any doubt is to be resolved in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7,12.
 {¶ 6} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and is to identify portions of the record that demonstrate the absence of genuine issues of material fact as to an essential element of the non-moving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The burden will then shift to the non-moving party, to offer "specific facts showing that there is a genuine issue for trial." Id. See, also, Civ.R. 56(E). The non-moving party may not rest on the mere allegations and denials in the pleadings, but must submit some evidentiary material showing a genuine dispute over the material facts. Dresher, 75 Ohio St.3d at 293.
 {¶ 7} The interpretation of written contracts, and the decision as to whether a contract is ambiguous, is a question of law subject to de novo review on appeal. Sherman R. Smoot Co. v. Ohio Dept. of Adm. Serv.
(2000), 136 Ohio App.3d 166, 172. See, also, Long Beach Assn., Inc. v.Jones (1998), 82 Ohio St.3d 574, 576. When interpreting insurance policies, the terms of the policy are examined to determine the intention of the parties regarding coverage. Thorne v. Amerisure Ins. Co., 9th Dist. No. 21137, 2002-Ohio-6123, at ¶ 13, citing Minor v. AllstateIns. Co., Inc. (1996), 111 Ohio App.3d 16, 20. The words and phrases in the policy are given their plain and ordinary meaning. Thorne at ¶ 13, citing Minor, 111 Ohio App.3d at 20.
 {¶ 8} Appellant argues that the decedent, Cary, was entitled to UIM coverage based on the authority of Scott-Pontzer v. Liberty Mut. FireIns. Co. (1999), 85 Ohio St.3d 660. Appellees have presented evidence indicating that Scott-Pontzer is inapplicable to the present matter.
 {¶ 9} In Scott-Pontzer, the Ohio Supreme Court addressed whether a corporation's employees were entitled to UIM coverage under the corporation's insurance policies and determined that "when the named insured in an insurance company is a corporation, the definition of `you,' as included in the definition of an insured, is ambiguous."Thorne at ¶ 28, citing Scott-Pontzer, 85 Ohio St.3d at 664. The court reasoned that naming the corporation as the insured would be meaningless unless the coverage extended to some person or individual, including the corporation's employee, since a corporation, in and of itself, cannot occupy an automobile. Scott-Pontzer,85 Ohio St.3d at 664. Thus, coverage was applied to the corporation's employees as "a corporation can act only by and through real live persons." Id.
 {¶ 10} Despite Appellant's reliance on various decisions from the fifth and sixth districts, this Court has previously held, on several different occasions, that the inclusion in the policy of a named individual as an insured removes the ambiguity in the definition of an insured for UIM and uninsured benefits regardless whether the coverage is offered in the policy itself or arose by operation of law. See Smith v.Liberty Mut. Ins. Co., 9th Dist. No. 21311, 2003-Ohio-3160, at ¶ 34. See, also, Gooch v. Westfield Ins. Co., 9th Dist. No. 21420,2003-Ohio-4267, at ¶ 19; Westfield Ins. Co. v. Metzler, 9th Dist. No. 21517, 2003-Ohio-3788, at ¶ 10; Caruso v. Utica Ins. Co., 9th Dist. No. 21222, 2003-Ohio-525, at ¶ 19; Thorne at ¶ 29, citingWestfield Ins. Co. v. Galatis, 9th Dist. No. 20784, 2002-Ohio-1502, at ¶ 22. As such, we will conduct a review of the pertinent policy language. Appellant contends that pursuant to the Old Republic Business Auto and CGL policies issued to Emerson Electric, Appellant's employer, Cary qualified as an insured and was thus entitled to UIM benefits in light of Scott-Pontzer.
 {¶ 11} The Business Auto policy indicates that Old Republic
"will pay all sums the `insured' is legally entitled to recover as compensatory damages from the owner or driver of an `uninsured motor vehicle' because of `bodily injury' sustained by the `insured' caused by an `accident.' The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the `uninsured motor vehicle.'"
 {¶ 12} A form entitled "Drive Other Car Coverage — Broadened Coverage for Named Individuals" identifies not only the Emerson Electric Co. among the named insureds but also "[c]orporate [e]xecutives assigned a company vehicle for business and personal use."
 {¶ 13} The policy provides the following definition for an insured:
"B. Who is an Insured
"1. You.
"2. If you are an individual, any `family member.'
"3. Anyone else `occupying' a covered `auto' or a temporary substitute for a covered `auto.' The covered `auto' must be out of service because of its breakdown, repair, servicing, loss or destruction."
"4. Anyone for damages he or she is entitled to recover because of `bodily injury' sustained by another `insured.'"
 {¶ 14} Family members include "person[s] related to you by blood, marriage or adoption who [are] resident[s] of your household, including a ward or foster child."
 {¶ 15} The Commercial Auto Policy issued by Westfield employs identical language as the Old Republic contract in defining who is an insured under the policy. The schedule of named insureds for this policy includes Buehler Food Markets Inc. and the individuals Eugene and Donald Buehler.
 {¶ 16} Consequently, this Court need not engage in aScott-Pontzer analysis on the facts of this case. See Smith at ¶ 34; Caruso at ¶ 19; Thorne at ¶ 29. Unlike the insurance policy in Scott-Pontzer, which lists the corporation as the named insured, the policies at issue in this matter refer to a schedule of named individuals as insureds for UM/UIM coverage. See Scott-Pontzer,85 Ohio St.3d at 664. Therefore, the language in these policies, regarding the definition of an insured, is not ambiguous and thus not open to the interpretation that an employee of an insured corporation is included under the UM/UIM coverage. See Smith at ¶ 34; Caruso at ¶ 19; Thorne at ¶ 29. This Court interprets the language of both policies as providing UM/UIM benefits only to the named individuals listed in the Schedule and Broadened Coverage form. See Caruso at ¶ 19; Thorne at ¶ 29. Accordingly, neither Appellant nor Cary are insureds under the terms of the policy, and consequently are not entitled to UIM benefits under the policy.
 {¶ 17} The trial court did not err in determining that the insurance policies were rendered unambiguous by naming individuals as insureds. Thus, there is no genuine issue of material fact regarding UIM coverage for Appellant or Cary under the underlying policies. Accordingly, summary judgment was properly granted to Appellees in regards to Appellant's claims under both the Old Republic and Westfield insurance policies. Appellant's assignment of error, as it relates to the policies issued by Old Republic and Westfield, is overruled.
 {¶ 18} Additionally, Appellant maintains that UIM coverage exists under the policies issued by National Union and Cincinnati. However, these policies are excess liability policies and are not able to be capitalized upon until the benefits available under the primary insurance policy are exhausted. See Misseldine v American Guarantee LiabilityIns. Co., 8th Dist. No. 82029, 2003-Ohio-2315, at ¶ 9 (finding that entitlement to UM/UIM coverage under the umbrella policy is dependent upon an individual's entitlement to coverage under the underlying policy). The National Union umbrella policy is an excess policy to the Old Republic insurance contract and the Cincinnati umbrella policy is in excess to the primary insurance contract issued by Westfield. Accordingly, as neither Appellant nor Cary are entitled to coverage under the primary policies issued by Old Republic and Westfield, it follows that they are also not entitled to coverage under the excess liability policies as well. See id. There being no genuine issues of material fact as to the existence of coverage under either of the underlying policies, the trial court did not err in finding that Appellant and Cary were not entitled to UIM coverage under the excess liability policies as well. Thus, the trial court properly granted summary judgment in favor of Appellees. Accordingly, Appellant's sole assignment of error is overruled.
 {¶ 19} Appellant's assignment of error is overruled. The decision of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
Carr, J., Whitmore, J. concur.