DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Donald Horton, appeals from the decision of the Summit County Domestic Relations Court which adopted a magistrate's decision to terminate his spousal support obligation as of August 21, 2002. We affirm.
 I. {¶ 2} Appellee, Mary Horton, filed for divorce against Appellant on August 3, 1987. The court filed temporary orders on the case granting Appellee $25.00 per week in alimony[1]
pendente lite.[2] A final divorce decree, entered June 28, 1988 by the court, also ordered $25.00 alimony pendente lite.
 {¶ 3} Appellant filed a motion to terminate alimony with the court on November 3, 1988. While a hearing was held regarding the matter, no journal entry ensued. Instead, Appellant filed a second motion to terminate with the court on August 21, 2002 — nearly fourteen years later. After a hearing on the motion, the magistrate recommended termination of spousal support effective August 21, 2002, the date of Appellant's second motion to terminate. The magistrate refused to retroactively terminate spousal support to the 1988 divorce decree because Appellant failed to challenge that decree via a 60(B) motion or objection.
 {¶ 4} Appellant timely filed objections to the magistrate's decision. The trial court, however, adopted the decision of the magistrate in its entirety. The court also held that the original court "used the term pendent lite [sic] incorrectly and meant to establish a permanent spousal support order" given that the term was used in a final divorce decree.
 {¶ 5} Appellant timely appealed, raising one assignment of error.
 II. Assignment of Error "The trial court abused its discretion when it issued ajudgment entry that interpreted the divorce decree asestablishing permanent spousal support and that terminatedspousal support effective august 21, 2002, instead of effectiveon the date of divorce, june 28, 1988."
 {¶ 6} In his only assignment of error, Appellant argues that the trial court abused its discretion by: (1) finding that the original divorce decree ordered permanent alimony; and, (2) adopting the magistrate's decision, which terminated spousal support effective on August 21, 2002. Appellant first contends that the language of the final divorce decree was completely clear: pendente lite support extends only as long as litigation is pending. As soon as the court entered the final divorce decree, Appellant asserts that the alimony should have automatically terminated by law. Appellant next argues that the correct effective termination date should have been the date of that final decree, June 28, 1988, instead of the date of his second motion to terminate, August 21, 2002. We will deal with each of Appellant's contentions separately.
 A. Pendente Lite Ambiguity {¶ 7} "[W]here [a] divorce decree contains terms ordered by the trial court, `the court retains jurisdiction to interpret and clarify what the court intended in the decree.'" Collette v.Collette (Aug. 29, 2001), 9th Dist. No. 20423, at 5, quotingKeeley v. Keeley (July 21, 1997), 12th Dist. No. CA97-02-013.
"Ohio law clearly established that a judgment may be interpreted if it is ambiguous. If there is good faith confusion over the interpretation to be given to a particular clause of a divorce decree, the trial court in enforcing that decree has the power to hear the matter, clarify the confusion, and resolve the dispute." Quisenberry v. Quisenberry (1993),91 Ohio App.3d 341, 348.
 {¶ 8} In interpreting such an ambiguity, a court should interpret a divorce decree so as to give it effect in its entirety, and not eliminate any part of that decree. Collette, supra, at 5, citing Ward v. Ward (1983), 13 Ohio App.3d 302,302. This court reviews the trial court's interpretation of an ambiguous term in a divorce decree for an abuse of discretion.Collette, supra, at 5, citing Keeley, supra. An abuse of discretion amounts to more than a mere error in judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this court may not substitute its judgment for that of the trial court. Id
 {¶ 9} The final divorce decree in this case contained the following language:
"Referee ordered that [Appellant] would pay to [Appellee] the sum of $25.00 per week for alimony pendente lite.
"The Court finds that the recommendations of the Referee are fair, reasonable and proper, and the Court does hereby approve the same and makes the same immediately an Order of this Court."
 {¶ 10} The decree also ordered Appellant's employer to withhold $95.00 per week from Appellant's earnings "[s]uch withholding will begin one week after receipt of this order and continue at the same rate until further order of the Court." The $95.00 included $35.00 per week each for two children in child support, as well as the ordered $25.00 per week alimony.
 {¶ 11} While Appellant has argued that the parties understood that alimony should only be awarded during the divorce litigation, the additional terms and circumstances in this case lead us to agree with the trial court that an ambiguity exists. The term pendente lite does imply that alimony should only be paid during the litigation. However, the fact that the trial court included that order in its final decree indicates that the court simply mistakenly included the term. The order to withhold amounts including the $25.00 per week in alimony beginning one week after entry of the final divorce decree also supports the interpretation that the trial court intended that alimony survive the close of litigation.
 {¶ 12} Litigation ceases by definition after entry of that final divorce decree. Interpreting the language of the decree to mean that Appellee would receive alimony only during the divorce proceedings would lead to the superfluousness of two separate portions of the divorce decree: the actual order of alimony and the accompanying withholding including that alimony. We find that the trial court did not abuse its discretion in resolving the ambiguity in the original divorce decree in this matter.
 B. Termination of Alimony {¶ 13} The trial court below found that the original divorce decree included an order for permanent spousal support. Given that permanent award, Appellant is incorrect in arguing that the award should have automatically terminated by law when the final decree was entered. Rather, the court entered a permanent and recurring support award which could only be modified by subsequent order of the court. Appellant has cited no authority supporting his argument that his second motion to terminate should actually relate back to the original divorce decree. "If an argument exists that can support this assignment of error, it is not this court's duty to root it out." Cardone v. Cardone
(May 6, 1998), 9th Dist. Nos. 18349 and 18673, at 18; see alsoSteps v. Gibson, 9th Dist. No. 21361, 2003-Ohio-4904, at ¶ 6. We, therefore, refrain from addressing this portion of Appellant's assignment of error.
 III. {¶ 14} We affirm the decision of the Summit County Domestic Relations Court ordering termination of spousal support effective August 21, 2002.
Judgment affirmed.
Carr, P.J., Whitmore, J. concur.
[1] Alimony was changed to spousal support in 1991. See R.C.3105.18(E). For purposes of this opinion, we will refer interchangeably to the award of support to Appellee as alimony or spousal support depending upon the relevant time frame.
[2] Pendente lite means "during the actual progress of a suit [or] during litigation." Black's Law Dictionary (4 Ed.Rev. 1968) 1290.