DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Donna Pavlich, appeals from the judgment entry of the Summit County Court of Common Pleas, Domestic Relations Division, which terminated appellee's, Ronald Pavlich's, spousal support obligation. This Court reverses.
 I. {¶ 2} The parties were divorced on January 10, 1997.[1] At the hearing on the complaint for divorce, the parties entered into an agreement in open court regarding the division of property and "all other matters arising out of the marriage relationship [.]" Paragraph 12 of the parties' agreement states in relevant part:
"Commencing November 1, 1996, the Defendant shall pay to the Plaintiff, as and for spousal support, the sum of $1,500.00 per month, plus poundage, by wage assignment, through the Summit County Child Support Enforcement Agency. Said spousal support shall remain in effect until the death of either party, the remarriage of the Plaintiff, or the Defendant's retirement and the parties' respective receipt of pension benefits."
 {¶ 3} On February 20, 2004, appellee filed a motion to terminate spousal support, alleging that he would be retiring on March 30, 2004. The matter proceeded to hearing before the magistrate on June 2, 2004. On June 14, 2004, the magistrate issued a decision denying appellee's motion. The magistrate premised his decision upon the finding that termination of spousal support was not appropriate until both parties were in receipt of retirement benefits. Because appellant was not yet receiving such benefits, the magistrate found that the terms of the spousal support termination provision had not been met.
 {¶ 4} Appellee objected to the magistrate's decision. On October 5, 2004, the trial court sustained appellee's objections, finding that appellant had failed to act in good faith in regard to the terms of the parties' agreement arising out of the divorce. The trial court further ordered the termination of appellee's spousal support obligation. Appellant timely appeals, setting forth one assignment or error for review.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN ITS CONSTRUCTION OF THE AGREED JUDGMENT ENTRY AND ITS FINDING THAT BOTH PARTIES WERE IN `RECEIPT' OF BENEFITS AND THEREBY ERRED IN TERMINATING THE APPELLEE'S SPOUSAL SUPPORT OBLIGATION."
 {¶ 5} Appellant argues that the trial court erred by failing to interpret the parties' agreed spousal support provision by its plain meaning. This Court agrees.
 {¶ 6} The parties' agreement, incorporated as part of the divorce decree, is a contract between the parties. Therefore, the agreement is subject to the same rules of construction, which govern other contracts.Hyder v. Pizer (Apr. 17, 2002), 9th Dist. No. 20791, citing Forstner v.Forstner (1990), 68 Ohio App.3d 367, 372.
 {¶ 7} While a trial court retains broad discretion to clarify ambiguity in a contract, the determination whether a contract is ambiguous is a matter of law. Hyder; see, also, In re Dissolution ofMarriage of Seders (1987), 42 Ohio App.3d 155, 156. Where no ambiguity exists, the trial court may not construe, clarify or interpret the parties' agreement to mean anything outside of that which it specifically states. Dzeba v. Dzeba (Dec. 1, 1993), 9th Dist. No. 16225. Specifically, "the trial court must defer to the express terms of the contract and interpret it according to its plain, ordinary, and common meaning." Hyder, citing Forstner, 68 Ohio App.3d at 372. Moreover, the parties' agreement is not ambiguous where its terms are clear and precise. Ryan v. Ryan (Oct. 27, 1999), 9th Dist. No. 19347, citing Lawlerv. Burt (1857), 7 Ohio St. 340, 350.
 {¶ 8} In this case, the trial court did not make an express finding that the terms of the parties' agreement regarding spousal support were ambiguous. Rather, the trial court found that appellant was attempting to defeat the terms of the agreement by failing to act in good faith in regard to the agreement terms. Specifically, the trial court found that appellant's refusal to accept her share of retirement benefits upon appellee's retirement until appellee reached the age of sixty-five indicated a lack of good faith under the terms of the agreed spousal support provision. This Court finds that the trial court erred in analyzing the matter in terms of good faith dealings, while ignoring the plain language of the parties' agreement.
 {¶ 9} The parties' agreement provides that appellee's obligation to pay spousal support to appellant would terminate upon the death of either party, appellant's remarriage, or appellee's retirement and the parties'respective receipt of pension benefits. (Emphasis added.) In this case, appellee retired, receiving a $70,000.00 early retirement incentive, in which appellant was not entitled to share. Appellee then began receiving his retirement benefits under the terms of the retirement plan as stated in the parties' Qualified Domestic Relations Order. Appellant, however, declined to accept benefits at that time, opting instead to wait until appellee attained the age of sixty-five, so that appellant's benefit amount would be almost $1000.00 per year greater. There is no dispute that appellant was entitled to choose to defer her receipt of benefits.
 {¶ 10} Because the parties' agreement premises the termination of spousal support on the parties' respective receipt of benefits, until appellant actually begins receiving benefits, the termination provision is not implicated under the plain language of the agreement. The agreement is clear that it is the respective receipt of benefits and not the mere qualification for benefits, which triggers the termination of spousal support. Because there is no ambiguity in the parties' spousal support agreement and the terms of the termination provision have not been met, the trial court erred by granting appellee's motion to terminate spousal support. Appellant's assignment of error is sustained.
 III. {¶ 11} Appellant's assignment of error is sustained. Accordingly, the judgment entry of the Summit County Court of Common Pleas, Domestic Relations Division, which granted appellee's motion to terminate spousal support is reversed.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee.
Exceptions.
Slaby, P.J. Batchelder, J. Concur.
[1] Appellant was the plaintiff in the divorce proceeding below, and appellee was the defendant.