DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Joseph and Karen Denman, appeal from the judgment of the Lorain County Court of Common Pleas that granted the motion for summary judgment of Appellee, State Farm Mutual Automobile Insurance Company. We affirm.
 I. {¶ 2} On September 9, 2000, Mr. Denman was involved in a motor vehicle accident with an uninsured motorist, Shasta Mullins. Ms. Mullins' car struck Mr. Denman's Harley Davidson motorcycle, and Mr. Denman sustained severe and permanent injuries. However, Mrs. Denman was not involved in this accident.
The Harley Davidson was the subject of an automobile liability insurance policy issued by Progressive Insurance Company, with Mr. Denman listed as the insured. This policy did not include uninsured motorist coverage.
 {¶ 3} Appellants filed a complaint in the Lorain County Court of Common Pleas against Ms. Mullins and Elyria Entertainment, Ltd., dba Rockers, an English pub.[1] Appellants asserted claims of negligence against both Ms. Mullins and Elyria Entertainment, Ltd. The claim against Elyria Entertainment Ltd. was predicated on its sale of alcoholic beverages to an underage person, Ms. Mullins. Appellants and Elyria Entertainment, Ltd. reached a settlement whereby Elyria Entertainment, Ltd. paid $300,000, the limits of its liquor liability policy. Appellants voluntarily dismissed Ms. Mullins from the suit for being wholly uncollectible.
 {¶ 4} Then, Appellants filed suit against Appellee for declaratory judgment and monetary relief, seeking coverage under automobile insurance policies issued to Mrs. Denman by Appellee. The parties stipulated to the use of evidence and discovery obtained during the course of the dismissed case. The policies insured two motor vehicles owned by Mrs. Denman, a Chevrolet Impala and a GMC pickup truck. Mrs. Denman was the only named insured on both policies. However, these policies did include uninsured motorist coverage. Appellee answered, conceding that each appellant qualified as an "insured" under the policy, but that Appellants were nevertheless not entitled to uninsured motorist coverage.
 {¶ 5} Appellee filed a motion for summary judgment. Appellee argued that, under both policies, which contained identical language, the exclusion provisions precluded Mr. Denman from coverage under the policies. Appellants responded and argued that the uninsured motorist coverage language and exclusion language did not apply.
 {¶ 6} In a judgment entry dated May 24, 2005, the trial court granted summary judgment in favor of Appellee and concluded that Mr. Denman was not entitled to uninsured motorist coverage under the policies because the motorcycle operated by him was not identified under the policies, and the "other owned vehicle" exclusion in the policy applied to preclude coverage. The trial court also concluded that Mrs. Denman was not entitled to uninsured motorist coverage on her claim for coverage because she did not sustain bodily injury.
 {¶ 7} Appellant timely appealed from this judgment, asserting one assignment of error for review.
 II. Assignment of Error
"THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEE'S MOTION FOR SUMMARY JUDGMENT AS THERE EXISTED A GENUINE ISSUE OF MATERIAL FACT AND APPELLEE WAS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW."
 {¶ 8} In their sole assignment of error, Appellants contend that the trial court erred in granting summary judgment in favor of Appellee because a genuine issue of material fact remained and Appellee was not entitled to judgment as a matter of law. We disagree.
 {¶ 9} An appellate court reviews a trial court's granting of summary judgment de novo, applying the same standard used by the trial court. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102,105, 1996-Ohio-336; Klingshirn v. Westview Concrete Corp.
(1996), 113 Ohio App.3d 178, 180. Any doubt is to be resolved in favor of the non-moving party. Viock v. Stowe-Woodward Co.
(1983), 13 Ohio App.3d 7, 12. Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated;
(2) the moving party is entitled to judgment as a matter of law; and
(3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v.Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of genuine issues of material fact as to the essential elements of the non-moving party's claims. Dresher v. Burt,75 Ohio St.3d 280, 293, 1996-Ohio-107. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of the motion. Id.
 {¶ 10} Once this burden is satisfied, the non-moving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The non-moving party may not rest upon the mere allegations and denials in the pleadings, but must instead point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Id.; Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735. In its review of a granting of summary judgment, an appellate court "review[s] the same evidentiary materials that were properly before the trial court at the time it ruled on the summary judgment motion." Am. Energy Servs., Inc. v. Lekan
(1992), 75 Ohio App.3d 205, 208.
 {¶ 11} Appellants contend that the insurance policy's applicable provisions are ambiguous and conflicting, and that the trial court's interpretation and application of the provisions was improper. When interpreting insurance policies, we presume the intent of the parties regarding coverage is reflected in the policy's language and review the policy to discover this intent.Kelly v. Med. Life Ins. Co. (1987), 31 Ohio St.3d 130, paragraph one of the syllabus; Thorne v. Amerisure Ins. Co.,
9th Dist. No. 21137, 2002-Ohio-6123, at ¶ 13, citing Minor v.Allstate Ins. Co., Inc. (1996), 111 Ohio App.3d 16, 20.
 {¶ 12} Whether a contract is ambiguous is a question of law subject to de novo review by an appellate court. Watkins v.Williams, 9th Dist. No. 22162, 2004-Ohio-7171, at ¶ 23, citingLong Beach Assn., Inc. v. Jones (1998), 82 Ohio St.3d 574, 576. "Where an ambiguity exists, however, interpretation of a contract involves both factual and legal questions." Watkins at ¶ 23. The terms of a contract are ambiguous "only if they can be reasonably understood in more than one sense." Id. at ¶ 24. Furthermore, if a contract's terms are "clear and precise," the contract is not ambiguous. Pavlich v. Pavlich, 9th Dist. No. 22357, 2005-Ohio-3305, at ¶ 7.
 {¶ 13} If a contract is clear and unambiguous, its interpretation is also as a matter of law, and no issue of fact remains to be determined. First Fed. Sav. Loan Assn. v. Cheton Rabe (1989), 57 Ohio App.3d 137, 140, citing Inland RefuseTransfer Co. v. Browning-Ferris Indus. of Ohio (1984),15 Ohio St.3d 321, 322. See, e.g., Snyder v. Westfield Ins. Co., 9th Dist. No. 02CA0064, 2003-Ohio-5904, at ¶ 16-17. Unambiguous contract terms are reviewed de novo. Inland Refuse TransferCo., 15 Ohio St.3d at 322. When reviewing an unambiguous contract, "the trial court must defer to the express terms of the contract and interpret it according to its plain, ordinary, and common meaning." Pavlich at ¶ 7.
 {¶ 14} In the instant case, both policies contain identical "other owned vehicle" exclusion provisions that state that there is no uninsured motorist coverage for "bodily injury to aninsured while operating or occupying a motor vehicle owned or leased by you, your spouse or any relative if it is not insuredfor this coverage under this policy." (Emphasis added.)
 {¶ 15} Appellants do not contest the fact that Mr. Denman was operating the Harley Davidson that he solely owns; that he was hit by an uninsured motorist; that Mr. Denman was not a named insured on the policy; and that his Harley Davidson motorcycle was not insured under Appellee's policies. Appellants even admit that the "other owned vehicle" exclusion would apply to preclude Appellants from uninsured motorist coverage were it not for other provisions that purportedly conflict with the "other owned vehicle" exclusion.
 {¶ 16} However, Appellants argue that the "other owned vehicle" exclusion does not apply because the "other uninsured motor vehicle coverage" section of the uninsured motorist coverage provision, which they assert conflicts with the exclusion, applies instead. Appellants reference the following portion of the former section:
"If There Is Other Uninsured Motor Vehicle Coverage"
"* * *
"3. If Any Other Policies Apply
"* * *
"b. If the insured sustains bodily injury while occupying
a vehicle that is:
"(1) not described on the declaration page of; or
"(2) driven by a person who is not an insured under, "another policy providing uninsured motor vehicle coverage:
"* * *
"(2) we are liable only for our share. Our share is that per cent of the damages that our limit of liability * * * bears to the total sum of that limit of liability and the limits of liability of all other uninsured motor vehicle coverages that apply.
"c. If the insured sustained bodily injury whileoccupying a vehicle not owned by you and such vehicle is described on the declarations page of another policy providing uninsured motor vehicle coverage, or its driver is an insured on another policy, this coverage applies:
"(1) as excess to any uninsured motor vehicle coverage which applies to the vehicle or its driver as primary coverage; but
"(2) only in the account by which it exceeds the primary coverage." (Emphasis sic.)
Appellee responds that the section does not conflict because it applies only to those situations in which the accident involves more than one policy of insurance or carrier through which uninsured motorist coverage is applicable and thus available. We agree with Appellee's analysis; this section does not apply to the instant case because there is no other insurance policy or carrier that could provide uninsured motorist coverage in this case. Therefore, we find that the "other uninsured motor vehicle coverage" section does not conflict with the "other owned vehicle" section.
 {¶ 17} Furthermore, the uninsured motorist coverage provisions do not provide for recovery by Mrs. Denman personally upon Mr. Denman's bodily injury claim. Both policies of insurance provide under "SECTION III —
UNINSURED MOTOR VEHICLE — COVERAGE U AND UNINSURED MOTOR VEHICLE PROPERTY DAMAGE — COVERAGE U1":
"We will pay damages for bodily injury an insured:
"1. is legally entitled to collect from the owner or driver of an uninsured motor vehicle[.]
"* * *
"The bodily injury must be sustained by an insured and caused by accident arising out of the operation, maintenance or use of an uninsured motor vehicle." (Emphasis sic.)
It is uncontested that Mrs. Denman was not involved in the accident and thus did not suffer any bodily injury as a result of this accident.
 {¶ 18} We find that Appellants have failed to meet their burden of establishing that a genuine issue of material fact remains. See Dresher, 75 Ohio St.3d at 293. Furthermore, we find that the language of the policy is not ambiguous, that neither Mr. Denman nor Mrs. Denman are not entitled to uninsured motorist coverage under Appellee's policies in this case, and that Appellee is entitled to judgment as a matter of law. SeeTemple, 50 Ohio St.2d at 327. Thus, we conclude that the trial court properly granted Appellee's summary judgment motion. Appellants' sole assignment of error is overruled.
 III. {¶ 19} Appellants' sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Whitmore, P.J. Carr, J. concur.
[1] Case number 02CV132572.