DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendants-Appellants Mark W. Boslett, et al. have appealed from the decision of the Summit County Court of Common Pleas that found in favor of Plaintiff-Appellee Preferred Tax 
Financial Services, Inc. This Court reverses.
 I {¶ 2} On November 24, 2003, Plaintiff-Appellee Preferred Tax Financial Services, Inc. ("TFS") filed a complaint against Mark W. Boslett and Mark W. Boslett, Inc. CPA ("Boslett"). TFS titled the complaint as an "Action For Money Judgment" and claimed that Boslett owed TFS money on a promissory note Boslett signed in his corporate capacity that was in default, making the entire principal balance of the note due and payable. The promissory note was for the sale of TFS, an accounting company, by Denise Prowell ("Prowell") to Boslett. The term of the note was five years.
 {¶ 3} Boslett responded to TFS' complaint with an answer and counterclaim. Boslett's counterclaim sought a declaratory judgment and alleged a breach of contract. TFS responded in opposition to Boslett's counterclaim.
 {¶ 4} The case was referred to mediation, but mediation was unsuccessful and the case was returned to the trial court docket.
 {¶ 5} On March 30, 2005, Boslett filed a motion for summary judgment and TFS filed a brief and affidavit in opposition to said motion. The trial court granted the motion for summary judgment as it pertained to the individual Mark W. Boslett who had been sued personally, but it denied the motion as to the corporation.
 {¶ 6} The matter proceeded to a bench trial and the trial court found in favor of TFS. The trial court entered judgment against Boslett in the amount of $46,599.45, plus costs and interest. The trial court also dismissed Boslett's counterclaim.
 {¶ 7} Boslett has appealed the trial court's decision, asserting three assignments of error.
 II Assignment of Error Number One
"THE TRIAL COURT ERRED IN DENYING SUMMARY JUDGMENT TO BOSLETT ON PLAINTIFF'S CLAIMS TO ENFORCE A NOTE THAT ALL PARTIES AGREED SHOULD BE CANCELLED."
 {¶ 8} In its first assignment of error, Boslett has argued that the trial court erred in denying it summary judgment. Specifically, Boslett has argued that it should have been granted summary judgment because the promissory note at issue was void. We agree.
 {¶ 9} An appellate court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. This Court applies the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12, certiorari denied (1986), 479 U.S. 948,107 S.Ct. 433, 93 L.Ed.2d 383. "We review the same evidentiary materials that were properly before the trial court at the time it ruled on the summary judgment motion." Am. Energy Servs., Inc. v. Lekan
(1992), 75 Ohio App.3d 205, 208. Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 10} The party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of a genuine issue of material fact as to some essential element of the non-moving party's claim. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 292. To support the motion, such evidence must be present in the record and of the type listed in Civ.R. 56(C). Id. at 292-293.
 {¶ 11} Once the moving party's burden has been satisfied, the non-moving party must meet its burden as set forth in Civ.R. 56(E). Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material to demonstrate a genuine dispute over the material facts. Id. See, also, Henklev. Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 12} Pursuant to Civ.R. 56(C):
"Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
 {¶ 13} In its motion for summary judgment Boslett argued that it was entitled to summary judgment because the complaint had been "brought on a null and void note."[1] Boslett argued that the note should have been read in conjunction with the contract and therefore, the note should have been cancelled upon the one-year anniversary of the contract. In support of its motion for summary judgment, Boslett presented the following evidence: the sales contract at issue; his affidavit; and a copy of a letter and documents he sent to Prowell. TFS responded in opposition to Boslett's motion and submitted evidence in support of its motion, which included the promissory note at issue.
 {¶ 14} Boslett's motion for summary judgment requires this Court to review the contract and the promissory note. When reviewing contracts we must determine if the contract is ambiguous, and thus open to interpretation. The terms of a contract are ambiguous "only if they can be reasonably understood in more than one sense." Watkins v. Williams, 9th Dist. No. 22162, 2004-Ohio-7171, at ¶ 24. Furthermore, if a contract's terms are "clear and precise," the contract is not ambiguous.Pavlich v. Pavlich, 9th Dist. No. 22357, 2005-Ohio-3305, at ¶ 7.
 {¶ 15} "If a contract is clear and unambiguous, its interpretation is also as matter of law, and no issue of fact remains to be determined." Denman v. State Farm Ins. Co., 9th Dist. No. 05CA008744, 2006-Ohio-1308, at ¶ 13. If a contract is deemed unambiguous, a court "must defer to the express terms of the contract and interpret it according to its plain, ordinary, and common meaning." (Quotation omitted.) Pavlich at ¶ 7.
 {¶ 16} As previously mentioned, the instant matter involves a contract and a promissory note. When a court is presented with documents that were executed as part of the same transaction, it reads them together as one entire contract. Edward A. KemmlerMemorial Found. v. 691/733 East Dublin-Granville Rd. Co. (1992),62 Ohio St.3d 494, 500. "[U]nder R.C. 1303.18, the terms of a promissory note or other negotiable instrument, as between the immediate parties to the instrument, may be modified or affected by another writing executed as part of the same transaction." Id. at 499.
 {¶ 17} The contract at issue states:
"(b) On the first anniversary of the date of this agreement such Purchase price shall be subject to adjustment upward or downward on a pro-rate basis for increases or decreases in the Total Sales from active clients of the Seller on attached Exhibit B multiplied by a factor of 1.25 and new clients obtained by effort or name of Seller.
"Within thirty(30) days of the secured anniversary of the date of this agreement Seller shall cancel the note received by her in item 4(a)(1) above and surrender such note to Purchaser in exchange for a new note reflecting the adjustment in item (b)."
The contract was dated December 1, 2001. The promissory note referenced in the contract was signed by Boslett on November 24, 2001 and did not contain an acceleration clause for failure to make monthly payments.
 {¶ 18} After reviewing the contract and the note, we find the contract is unambiguous. The cancellation language concerning the note is clear and precise. This Court finds that the terms cannot be reasonably understood in more than one way. The contract states that the note shall be cancelled within 30 days of the anniversary of the contract and that upon said cancellation the note shall be surrendered to Bostlett in exchange for a new note reflecting any adjustments in price. Accordingly, under the terms of the contract, the note was cancelled on December 31, 2002 and a new note should have been issued. It is clear from the record that a new note has not been issued and that TFS' complaint was based on the original note.
 {¶ 19} Based on the foregoing, we find that Boslett met his burden of proof and that the burden shifted to TFS. Dresher,75 Ohio St.3d at 293. After reviewing the evidence presented by TFS, we find that TFS failed its reciprocal burden of proof. TFS did not present any evidence that under the terms of the contract the original promissory note was still valid when it filed suit on the note. While we agree that on the present record questions exist over whether Boslett properly managed the business and how the adjustment of the purchase price should be calculated, such matters sound in contract and cannot be raised by suit on a promissory note which the contract mandates be cancelled as of December 31, 2002. As a matter of law, the note was cancelled as of December 31, 2002 and under its terms it cannot be used to maintain a cause of action. Accordingly, Boslett was entitled to summary judgment.
 {¶ 20} We find it important to note that our opinion does not determine whether TFS can sue Boslett for breach of contract or vice versa. Rather, we find that based on the grounds listed in the complaint and facts of the instant matter Boslett was entitled to summary judgment.
 {¶ 21} Boslett's first assignment of error has merit.
 Assignment of Error Number Two
"THE TRIAL COURT ERRED IN INTERPRETING THE UNAMBIGUOUS SALES CONTRACT LANGUAGE."
 Assignment of Error Number Three
"THE TRIAL COURT APPLIED THE WRONG LEGAL STANDARD IN DETERMINING THE PARTIES' INTENT IN DRAFTING THE SALES PRICE CALCULATION."
 {¶ 22} In its second assignment of error, Boslett has argued that the trial court erred when it interpreted the contract language. In its third assignment of error, Boslett has argued that the trial court applied the wrong standard in determining the parties' intent under the contract. Given this Court's resolution of Boslett's first assignment of error, its second and third assignments of error are moot, and we decline to address them. See App.R. 12(A)(1)(c).
 III {¶ 23} Boslett's first assignment of error is sustained. Boslett's second and third assignments of error are moot. The judgment of the trial court is reversed and remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Moore, J. Boyle, J. Concur.
[1] Boslett's motion contained several arguments. This Court focuses on those relevant to the instant appeal.