[Cite as *Nelson v. Nelson*, 2017-Ohio-35.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

| | |
|---|---|
| PATRICIA NELSON | C.A. No. 16CA0029-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RONALD NELSON | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 01 DR 0714 |

DECISION AND JOURNAL ENTRY

Dated: January 9, 2017

HENSAL, Judge.

{¶1} Appellant, Ronald Nelson, appeals from a judgment of the Medina County Court of Common Pleas, Domestic Relations Division, ordering him to assign certain pension benefits to his ex-wife by way of a qualified domestic relations order. This Court affirms.

I.

{¶2} After over 25 years of marriage, Ronald Nelson ("Husband") and Patricia Nelson ("Wife") divorced in 2003. Throughout the duration of their marriage, Husband worked as a pilot for U.S. Airways and participated in the U.S. Airways, Inc. Pilot Pension Defined Benefit Plan ("Pension Plan"). Prior to Husband and Wife's divorce, U.S. Airways filed for bankruptcy and, as a result of that proceeding, the Pension Plan was eliminated. The parties' settlement agreement, which was incorporated into the divorce decree, addressed the elimination of the Pension Plan as follows:

> The Husband was a participant in the US Airways, Inc. Pilot Pension Defined Benefit Plan, which has been eliminated as a result of the Bankruptcy filing of

U.S. Airways, Inc. If the US Airways, Inc., Pilot Pension, Defined Benefit Plan is *restored*, and subject to any modifications made either by the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division, In the Matter of US Airways Group, Inc. Case No. 02-83984-91(SSM) (Jointly Administered) or by the Congress of the United States, the Husband as a participant in said fund, hereinafter referred to as "Plan," shall assign to Wife, as an alternate payee, by way of a Qualified Domestic Relations Order, 50% of his interest in the Plan as of September 1, 2002.

(Emphasis added.)

**{¶3}** Following U.S. Airways' bankruptcy, the Pension Benefit Guaranty Corporation ("PBGC"), a federal corporation that insured Husband's benefits under the Pension Plan, took over the Pension Plan. As a result of the Pension Plan's elimination and PBGC's subsequent takeover, Husband became entitled to receive insurance benefits through PBGC.

**{¶4}** In February 2014, Wife moved the trial court to compel Husband to execute a qualified domestic relations order with respect to his PBGC benefits. Wife argued that PBGC's takeover of the Pension Plan resulted in the Pension Plan being "restored" – as the word is commonly understood – and, therefore, that she was entitled to fifty percent of Husband's interest in the PBGC benefits. More specifically, Wife argued that because Husband was entitled to receive benefits derived from his employment (albeit through PBGC rather than U.S. Airways), the Pension Plan had been "restored" as contemplated under the settlement agreement.

**{¶5}** Husband, on the other hand, argued that PBGC's takeover of the Pension Plan did not result in it being "restored" as specifically defined under ERISA, which would require the Pension Plan to return to its original status with U.S. Airways, as opposed to being an insurance benefit administered by PBGC. In support of his position, Husband presented testimony from an ERISA expert who testified regarding the process of a pension plan being "restored" as technically defined under ERISA.

{¶6}    After a full hearing, the magistrate rejected Husband's arguments and found that Wife was entitled to fifty percent of Husband's PBGC benefits.  The magistrate noted that the settlement agreement, when read as a whole, supported Wife's common-usage definition of the word "restored[,]" as opposed to Husband's specific and technical ERISA definition.  The trial court adopted the magistrate's decision that same day and, after holding a hearing on Husband's objections, adhered to its decision.  Husband now appeals, raising two assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN ITS CONSTRUCTION OF THE PARTIES' SEPARATION AND PROPERTY SETTLEMENT AGREEMENT WHEN, IN ITS JUDGMENT ENTRY OF MARCH 2, 2016, IT AFFIRMED ITS PRIOR JUDGMENT FINDING PROVISIONS OF THAT AGREEMENT AMBIGUOUS.

{¶7}    In his first assignment of error, Husband argues that the trial court lacked jurisdiction to review or modify the parties' property division as set forth in the settlement agreement.  In this regard, Husband correctly notes that the trial court exercised jurisdiction over the matter on the basis that a trial court maintains authority to clarify ambiguity in a divorce decree.  *See Horton v. Horton*, 9th Dist. Summit No. 21776, 2004-Ohio-1604, ¶ 7, quoting *Quisenberry v. Quisenberry*, 91 Ohio App.3d 341, 348 (2d Dist.1993) ("If there is good faith confusion over the interpretation to be given to a particular clause of a divorce decree, the trial court in enforcing that decree has the power to hear the matter, clarify the confusion, and resolve the dispute.").  He argues, however, that the terms of the settlement agreement, in particular the word "restored[,]" were not ambiguous and, therefore, the trial court lacked jurisdiction to review or modify the parties' division of property.

{¶8} The determination of whether a settlement agreement is ambiguous is reviewed de novo. *Pavlich v. Pavlich*, 9th Dist. Summit No. 22357, 2005-Ohio-3305, ¶ 6, 7. The term "ambiguous" is defined as "capable of being understood in two or more possible senses or ways[.]" *Merriam-Webster's Collegiate Dictionary* 39 (11th Ed.2005). As this Court has stated, "[o]nly if the terms of a contract may reasonably be understood in more than one sense can they be construed as ambiguous." *Town & Country Co-op, Inc. v. Sabol Farms, Inc.*, 9th Dist. Wayne No. 11CA0014, 2012-Ohio-4874, ¶ 15.

{¶9} In support of his position that "restored" is not ambiguous, Husband argues that the inclusion of the words "subject to any modifications made either by the United States Bankruptcy Court * * * or by the Congress of the United States" in the relevant settlement-agreement provision is a "clarion call that the parties carefully considered and carved terms to address the specific kind of restoration Appellant's expert identified." In response, Wife argues that "[t]he very fact that it takes an expert to explain the meaning of the word 'restored' in an ERISA context, proves by implication that the word is capable of 'being understood in more than one way…'[.]" Additionally, Wife notes that the settlement agreement contains no reference whatsoever to ERISA.

{¶10} Under the facts presented, we find that the term "restored" is ambiguous because it can reasonably be understood in more than one sense. We, therefore, hold that the trial court had jurisdiction over the matter on the basis that it maintained authority to clarify ambiguity in the divorce decree. *Horton* at ¶ 7. Accordingly, Husband's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT'S DETERMINATION THAT INSURANCE BENEFITS, PAYABLE THROUGH THE PENSION BENEFIT GUARANTY

CORPORATION, AMOUNTED TO A RESTORATION OF APPELLANT'S U.S. AIRWAYS, INC. PILOT PENSION PLAN IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

**{¶11}** In his second assignment of error, Husband argues that the trial court's determination that the Pension Plan had been "restored" by way of the PBGC insurance benefits was against the manifest weight of the evidence. Initially, we note that this Court "reviews the trial court's interpretation of an ambiguity for an abuse of discretion." *Straw v. Straw*, 9th Dist. Lorain No. 04CA008433, 2004-Ohio-4065, ¶ 4. Regardless of the standard, Husband's merit brief fails to cite any authority in support of his position, and it is not our duty to search for and provide same. *See* App.R. 16(A)(7); *In re Robinson*, 9th Dist. Summit No. 20826, 2002 WL 501149, *2 (Apr. 3, 2002) ("It is not the obligation of an appellate court to search for authority to support an appellant's argument as to an alleged error."). To the extent that Husband cites an Eighth District case in his reply brief, he does so for the proposition that a party's misunderstanding or change of heart does not negate the terms of a settlement agreement. In light of the argument presented, Husband has not met his burden on appeal and, accordingly, his assignment of error is overruled. *In re Hiltabidel*, 9th Dist. Summit No. 21009, 2002-Ohio-3627, ¶ 58 ("An appellant bears the burden of affirmatively demonstrating error on appeal.").

### III.

**{¶12}** Husband's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

WHITMORE, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

J. ANTHONY TERILLA, Attorney at Law, for Appellant.

RANDAL A. LOWRY, Attorney at Law, for Appellant.

STEVE C. BAILEY, Attorney at Law, for Appellee.