BAJURCZAK, Appellant,

v.

**ESTATE OF BAJURCZAK, Appellee.**

[Cite as *Bajurczak v. Estate of Bajurczak* (2000), 139 Ohio App.3d 78.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 99CA007528.

Decided Oct. 4, 2000.

*George R. Oryshkewych,* for appellant.

*Robert J. Gargasz,* for appellee.

WHITMORE, Judge.

Plaintiff–Appellant Anna Bajurczak ("Wife # 1") has appealed from a judgment of the Lorain County Common Pleas Court, Probate Division, that denied her motion for summary judgment and granted summary judgment to defendant-appellee Estate of Mychailo Bajurczak. This court reverses and remands for proceedings consistent with this opinion.

I

On February 9, 1998, Mychailo Bajurczak ("decedent") died testate. His will was admitted to probate on August 10, 1998 in case No. 98ES00921. On May 25, 1999, appellant (Wife # 1) filed a petition for determination of heirs, case No. 99PC00021, alleging that she was decedent's surviving spouse.[1] She did not attach any documents to this petition.

Decedent's estate filed an answer in case No. 99PC00021 and moved to dismiss the petition. Attached to the motion to dismiss was an appendix of records photocopied from case No. 98ES00921. Those documents from case No. 98ES00921 were incorporated into the record of case No. 99PC00021.[2] One of the documents (Exhibit J) purported to be a copy of the marriage certificate between decedent and Katharina ("Wife # 2"). The document has a seal from a Bavarian church and is neither translated nor notarized as an authentic copy. However, there was no objection by appellant (Wife # 1) in the case at bar (No. 99PC00021) to use the incorporated documents from case No. 98ES00921, including the copy of the purported marriage certificate between decedent and Wife # 2.

Shortly thereafter, the estate moved for summary judgment in case No. 99PC00021. Attached to the estate's motion was an affidavit from the executor, who is the daughter of decedent. As noted above, the affidavit referred to the photocopied marriage certificate and claimed that decedent was married only to Wife # 2.

Appellant (Wife # 1) responded by filing a cross-motion for summary judgment. Attached to appellant's (Wife # 1's) motion was a copy of a document that appellant (Wife # 1) claimed was a marriage certificate between her and decedent. This document had a seal from the Ukraine Justice Department, its authenticity as a true copy of the original was translated into English, and the translation was notarized. However, there was no translation of the content of

---

1. This court notes that R.C. 2123.01 sets forth two occasions for when a probate court may conduct a proceeding to determine heirs. R.C. 2123.01 provides:

"Whenever property passes by the laws of intestate succession, or under a will to a beneficiary not named in such will, proceedings may be had in the probate court to determine the persons entitled to such property."

In this case, decedent's will bequeathed the entire estate to "his wife, Katharina." Because decedent's will names a particular beneficiary, this case does not fall within either of the above statutory requirements. Although the proper procedure would have been a declaratory judgment action, the petition in this case will be construed as a request for a declaratory judgment.

2. The documents from case No. 98ES00921 reflected the history of decedent's marriage to his second wife. Such documents included the birth certificates of the couple's children, the children's baptism records, and the couple's death certificates.

the document, which appellant (Wife # 1) represented to be a certificate of marriage between her and decedent. There was no objection by the estate to this document as attached and as referred to in appellant's (Wife # 1's) cross-motion for summary judgment.

In case No. 99PC00021, the probate court presumed that both marriages were valid:

"For purposes of this ruling, the [court] gives equal probative value to [Wife # 1's] proof that she married Decedent on October 15, 1939 in Ukraine and that Decedent later married [Wife # 2] on September 25, 1945 in Germany."

The probate court then determined that appellant (Wife # 1) is not decedent's surviving spouse because she did not prove that the second marriage violated the marriage laws of the locale in Germany, where the marriage took place. Appellant (Wife # 1) timely appealed, asserting one assignment of error.[3]

## II

"The trial court erred in granting [appellee's] motion for summary judgment and denying [appellant's] motion for summary judgment."

In her sole assignment of error, appellant (Wife # 1) has argued that the probate court misapplied the law and should have granted her motion for summary judgment. Specifically, she has asserted that the probate court erred in assigning to her the burden of proving that her marriage to decedent had not been terminated. This court agrees that the probate court misapplied the law in this case; however, summary judgment was not proper for either party because a genuine issue of material fact remains in dispute.

The Ohio Supreme Court has held:

"Where it is stipulated that both marriages have been lawfully solemnized and the record is silent as to whether there has been a divorce of the parties to the first marriage there is a presumption that the status of the parties to the first marriage continues, and the burden is upon the parties claiming the validity of the second marriage to overcome such presumption." *Indus. Comm. v. Dell* (1922), 104 Ohio St. 389, 135 N.E. 669, paragraph three of the syllabus. See, also, *Evans v. Indus. Comm.* (1957), 166 Ohio St. 413, 414, 2 O.O.2d 370, 370–371, 143 N.E.2d 705, 706–707.

---

**3.** The journal entry referenced both case No. 98ES00921 and No. 99PC00021. Because appellant has not appealed from case No. 98ES00921, this court has no jurisdiction to determine what rights, if any, she may have in that case.

"[I]n Ohio it cannot be presumed that parties once married have been divorced, in the absence of proof, and there is no presumption of divorce in support of the legality of a later marriage." *Dibble v. Dibble* (1950), 88 Ohio App. 490, 510, 45 O.O. 251, 259, 100 N.E.2d 451, 461.

In the case at bar, the probate court made the following finding:

"[Wife # 1's] allegation that Decedent never divorced her is merely her belief, and not a demonstrated fact. Noticeably, [Wife # 1] does not allege that she never remarried. Without [Wife # 1] providing proof that Decedent's marriage to [Wife # 2] violated the marriage laws of the locale in Germany where Decedent's marriage to [Wife # 2] occurred, there is no basis on which to speculate whether such marriage was invalid despite [Wife # 1's] belief to the contrary."

Based upon the foregoing, the probate court improperly placed the burden on appellant (Wife # 1) to prove that her marriage to decedent had not been terminated. To the extent that the probate court misapplied the law in this case, appellant's (Wife # 1's) argument is well taken.

 With regard to appellant's (Wife # 1's) assertion that the probate court should have granted her motion for summary judgment, her argument is without merit. In reviewing a trial court's ruling on a motion for summary judgment, this court applies the same standard a trial court is required to apply in the first instance: whether there were any genuine issues of material fact and whether the moving party was entitled to judgment as a matter of law. *Parenti v. Goodyear Tire & Rubber Co.* (1990), 66 Ohio App.3d 826, 829, 586 N.E.2d 1121, 1122–1123.

 In this case, both of the marriage certificates are photocopies. Appellant (Wife # 1) translated her certificate's authenticity as a true copy of the original into English and had it notarized by the translator. However, Wife # 2's certificate is neither translated nor certified as a true copy of the original. Counsel for appellant (Wife # 1) maintained in her cross-motion for summary judgment that the certificate is indeed the marriage certificate between appellant (Wife # 1) and decedent; however, the translation merely certifies that the photocopy is of the original document. Although it appears that both certificates were admitted into evidence by the probate court in both cases, this court is compelled to point out that neither certificate is self-authenticating in compliance with Evid.R. 902(3)[4] nor admissible under the hearsay exception set forth in

---

**4.** Evid.R. 902 provides:

"Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

"* * *

Evid.R. 803(12).[5] Consequently, a genuine issue of material fact remains concerning whether appellant (Wife # 1) is the surviving spouse. Thus, summary judgment in appellant's (Wife # 1's) favor would be inappropriate.

### III

Appellant's (Wife # 1's) sole assignment of error is sustained to the extent that the trial court misapplied the law in this case. The judgment of the probate court granting summary judgment in the estate's favor is reversed, while the judgment of the probate court denying appellant's (Wife # 1's) motion for summary judgment is affirmed. On remand, the probate court shall apply the correct burden and conduct further proceedings to resolve the issue of whether appellant (Wife # 1) is the surviving spouse of decedent.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

BATCHELDER, P.J., and CARR, J., concur.

---

"(3) A document purporting to be executed or attested in his official capacity by a person authorized by the laws of a foreign country to make the execution or attestation, and accompanied by a final certification as to the genuineness of the signature and official position (a) of the executing or attesting person, or (b) of any foreign official whose certificate of genuineness of signature and official position relates to the execution or attestation or is in a chain of certificates of genuineness of signature and official position relating to the execution or attestation. A final certification may be made by a secretary of embassy or legation, consul general, consul, vice consul, or consular agent of the United States, or a diplomatic or consular official of the foreign country assigned or accredited to the United States. If reasonable opportunity has been given to all parties to investigate the authenticity and accuracy of official documents, the court may, for good cause shown, order that they be treated as presumptively authentic without final certification or permit them to be evidenced by an attested summary with or without final certification."

5. Evid.R. 803 provides:
"The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
"* * *
"(12) Statements of fact contained in a certificate that the maker performed a marriage or other ceremony or administered a sacrament, made by a clergyman, public official, or other person authorized by the rules or practices of a religious organization or by law to perform the act certified, and purporting to have been issued at the time of the act or within a reasonable time thereafter."