**Kelvin Lee GURNEY, Appellant,**

v.

**Connie Diane GURNEY, a/k/a Connie Diane Franks, Appellee.**

No. S–10744.

Supreme Court of Alaska.

Nov. 21, 2003.

---

**24.** *Buster v. Gale,* 866 P.2d 837, 841 n. 9 (Alaska 1994).

**25.** 50 F.3d 1226 (3d Cir.1995).

**26.** *Id.* at 1228.

**27.** *Id.* at 1229.

**28.** *Id.*

**29.** *Id.* at 1231.

**30.** *Id.* at 1231–32.

Terri–Lynn Coleman, Law Office of Rita Allee, P.C., Fairbanks, for Appellant.

Thomas R. Wickwire, Law Office of Thomas Wickwire, Fairbanks, for Appellee.

Before: BRYNER, Chief Justice, MATTHEWS, EASTAUGH, FABE, and CARPENETI, Justices.

## OPINION

MATTHEWS, Justice.

Kelvin Lee Gurney and Connie Diane Gurney were married in July 1992. Kelvin filed the current complaint for divorce in May 2001. Kelvin's divorce complaint contained a second count alleging that the marriage was void because Connie had previously been married and that her prior marriage had not been annulled or dissolved. Connie was married to Angelo Melito in a ceremony performed March 18, 1978. After six months the couple separated. In 1979 Connie discovered that Angelo was in jail in Florida. This was the last that she heard of him. She is not aware of any divorce proceedings or whether Angelo is dead or alive. After a hearing, the superior court ruled that the marriage between Kelvin and Connie is void. The court ruled that Kelvin "did not know that [Connie] was still married to her former husband at the time of the parties' marriage on July 11, 1992"; that Connie "does not know whether her marriage to Mr. Melito was terminated prior to her marriage to [Kelvin] either through a divorce or through the death of Mr. Melito"; and that "[t]herefore, this court finds that the marriage between the parties in this case is void."

Subsequently the court held a trial concerning issues of child custody, child support, and property division. Only property division is relevant to this appeal. The court ruled, in reliance on *Tolan v. Kimball*,[1] that the standard for division of property accumulated during the period of the parties' cohabitation was based on the parties' intent, either express or implied. The court found that the parties intended to have equal ownership shares in much of the property that was accumulated during the marriage and divided it equally. But the court did not rule exactly as would have been appropriate if the parties had been validly married, for the court declined to divide that portion of Kelvin's pension that was earned during the period of cohabitation.

█ Only Kelvin appeals. He argues that the trial court's findings concerning the parties' intent are erroneous. He also argues that the court erred in failing to find that Connie committed a fraud, and therefore that she had unclean hands and was ineligible for equitable relief.[2]

1. 33 P.3d 1152 (Alaska 2001).

2. The standard of review for claims involving a trial court's findings that parties intended to treat property as marital is the clearly erroneous standard. *Cox v. Cox,* 882 P.2d 909, 913 (Alaska 1994). The trial court's refusal to find fraud and unclean hands is also reviewed under the clearly erroneous standard. *Wood v. Collins,* 812 P.2d 951, 954 n. 2 (Alaska 1991). The equitable division of property "is reviewable under an abuse of

■ In our view the trial court's findings as to intent and the trial court's refusal to find fraud are sufficiently supported by the evidence and are not clearly erroneous. We conclude that the division of property ordered by the court is not an abuse of discretion. We therefore affirm the judgment.[3]

AFFIRMED.

discretion standard and will not be reversed unless it is clearly unjust." *Harrelson v. Harrelson,* 932 P.2d 247, 250 (Alaska 1997) (citations omitted).

3. Connie did not argue before the superior court or before this court that her marriage with Kelvin should be presumed to be valid. Many jurisdictions recognize that there is a presumption favoring the validity of a second marriage. According to the American Law Reports, "[i]t is well established that when a person has entered into two successive marriages, a presumption arises in favor of the validity of the second marriage." Annotation, *Presumption as to Validity of Second Marriage,* 14 A.L.R.2d 7 (1950). "[O]n proof of a second marriage, a presumption arises that the prior marriage was terminated by death ... or divorce." *Id.* at 11 n. 19. A few states have rejected this presumption. *See, e.g., Bajurczak v. Estate of Bajurczak,* 139 Ohio App.3d 78, 742 N.E.2d 1191 (2000); *Liberty Mut. Ins. Co. v. Ellis,* 99 Ga.App. 486, 109 S.E.2d 70 (1959); *Application of Carr,* 134 N.Y.S.2d 513 (N.Y.Sur. 1953), *aff'd without op., In re Carr's Estate,* 284 A.D. 930, 134 N.Y.S.2d 280 (N.Y.App.Div.1954). Alaska has no published case law concerning the presumption.