WASHINGTON EDUCATION
ASSOCIATION, Plaintiff—
Appellant,

v.

NATIONAL RIGHT TO WORK LEGAL
DEFENSE FOUNDATION, INC.,
Defendant—Appellee.

No. 04–35772.

D.C. No. CV–04–00575–TSZ.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 5, 2006.

Decided June 2, 2006.

Douglas M. Wartelle, William Mitchell Cogdill, Jr., Cogdill and Carter, Everett, WA, for Plaintiff—Appellant.

Richard J. Clair, National Right To Work Legal Defense Foundation, Inc., Springfield, VA, for Defendant—Appellee.

Before McKEOWN and CLIFTON, Circuit Judges, and EZRA,* District Judge.

MEMORANDUM **

The Washington Education Association ("WEA") filed the instant appeal asserting that the district court erred in (1) converting the National Right To Work Legal Defense Foundation, Inc.'s ("Foundation") motion to dismiss into a motion for summary judgment without providing it notice and an opportunity to supplement the record; and (2) granting Foundation's motion to dismiss. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1291. Upon careful review, we affirm the decision of the district court.

I.

Neither party disputes that the documents relied upon by Foundation in its motion to dismiss could have been considered by the district court without converting the motion to dismiss into one for summary judgment. *Lee v. City of Los Angeles,* 250 F.3d 668, 688–89 (9th Cir. 2001) (stating that a district court may consider documents relied upon in the complaint or matters of public record). Therefore, no error lies if, pursuant to Federal Rule of Civil Procedure 12(b)(6),

---

* The Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

682

the district court could have properly dismissed the Complaint for failure to state a claim. *See Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir.2000) ("[i]f support exists in the record, a dismissal may be affirmed on any proper ground, even if the district court did not reach the issue or relied on different grounds or reasoning."). We review a dismissal for failure to state a claim pursuant to Rule 12(b)(6) de novo. *Id.*

## II.

Pursuant to Washington law, interpretation of an unambiguous contract is a question of law. *Dice v. City of Montesano*, 131 Wash.App. 675, 128 P.3d 1253, 1257 (2006). The district court correctly concluded that the terms of the agreement between WEA and Foundation are clear and unambiguous. Under generally accepted rules of syntax, an initial modifier "will tend to govern all elements in the series unless it is repeated for each element." The American Heritage Book of English Usage chapter 2, ¶ 10 (Houghton Mifflin, 1996), *http://www.bartleby.com/64/2.html* (last visited May 18, 2006); *see United States Fid. & Guar. Co. v. Fireman's Fund Ins. Co.*, 896 F.2d 200, 203 (6th Cir.1990) (holding that the reasonable construction of the phrase "negligent act, error, or omission" is that the policy covers only negligent and not intentional conduct); *Ward Gen. Ins. Servs., Inc. v. Employers Fire Ins. Co.*, 114 Cal.App.4th 548, 554, 7 Cal.Rptr.3d 844 (Cal.Ct.App.2003) (stating that "[m]ost readers expect the first adjective in a series of nouns or phrases to modify each noun or phrase in the following series unless another adjective appears"); *Lewis v. Jackson Energy Coop. Corp.*, 189 S.W.3d 87, 92 (Ky. 2005) (stating that it is "widely accepted that an adjective at the beginning of a conjunctive phrase applies equally to each object within the phrase. In other words, the first adjective in a series of nouns or phrases

modifies each noun or phrase in the following series unless another adjective appears."). Therefore, the commonly accepted construction of the sentence "Foundation agrees that it will not financially support litigation challenging the constitutionality of the procedures by which agency fees are assessed, the manner in which agency fees are calculated, or the amounts of agency fees collected," is that the term "constitutionality" modifies each of the subsequent objects.

Contrary to WEA's position, the exceptions contained in the agreement do not conflict with this interpretation. While an action enforcing the terms of the agreement certainly would not present a constitutional question, it similarly would not constitute a challenge to the manner in which agency fees are calculated or the amount of such fees. As such, the provision is simply superfluous. Furthermore, nothing indicates that the exception for "religious objection cases" is limited to suits challenging WEA actions under Washington statutes. Rather, "religious objection cases" generally encompass both statutory and constitutional claims. *See e.g. Grant v. Spellman*, 99 Wash.2d 815, 664 P.2d 1227 (1983) (en banc); *Madsen v. Associated Chino Teachers*, 317 F.Supp.2d 1175, 1178 (C.D.Cal.2004). Therefore, we conclude that the parties' inclusion of these exceptions is not inconsistent with the interpretation of the agreement set forth by the district court.

Accordingly, we affirm the district court's decision that WEA has failed state a claim for breach of the agreement where it is undisputed that Foundation has not challenged the constitutionality of WEA actions.

**AFFIRMED.**