[Cite as *Raykov v. Raykov*, 2012-Ohio-2611.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

PAUL A. RAYKOV

      Appellee/Cross-Appellant

      v.

NANCY E. RAYKOV

      Appellant/Cross-Appellee

C.A. No.     26107

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     2010-01-0077

DECISION AND JOURNAL ENTRY

Dated: June 13, 2012

---

WHITMORE, Presiding Judge.

{¶1} Appellant/Cross-Appellee, Nancy Raykov ("Wife"), appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division. Additionally, Appellee/Cross-Appellant, Paul Raykov ("Husband"), cross-appeals from the trial court's judgment. This Court affirms in part and reverses in part.

I

{¶2} Husband and Wife were married in 1985. Two children were born during their marriage. The youngest child is scheduled to graduate high school in 2012.

{¶3} Before the parties were married Husband had completed his medical degree and residency, and Wife had obtained an associate's degree in medical technology and a bachelor of fine arts degree. Wife worked outside of the home until the birth of their first child, at which time she focused on tending to the children and maintaining the home. Shortly after the

marriage, Husband accepted a position as an emergency room physician in Hawaii. The couple remained in Hawaii until 1997, when Husband accepted a job in Ohio and the family relocated.

{¶4} By the time the couple moved to Ohio in 1997 there was trouble in the marriage. Husband and Wife moved into separate bedrooms and ceased all sexual relations. The couple continued to live in the same home and continued to raise the children together. Husband continued providing the financial support for the family and helped maintain the home by doing yard work and repairs. Wife continued to focus on raising the children, shopping for groceries, cooking, and cleaning.

{¶5} In January 2010, Husband filed for divorce. Shortly thereafter, Wife filed a counterclaim for divorce. The final hearing was held in June 2011. The parties stipulated to the division of the marital assets, custody, and child support. The only remaining issue was spousal support. After trial, the court awarded Wife $6,100 a month in spousal support for a term of seven years. The court retained jurisdiction over the amount of support, but not the duration.

{¶6} Wife now appeals and raises three assignments of error for our review. Husband has filed a cross appeal and also raises three assignments of error for our review. For ease of analysis, we consolidate some assignments of error.

II

Wife's Assignment of Error Number One

THE TRIAL COURT'S FINDING THAT BOTH PARTIES WILL, AFTER DIVISION, HAVE WELL OVER ONE MILLION IN RETIREMENT ASSETS IS NOT SUPPORTED BY THE RECORD AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶7} In her first assignment of error, Wife argues that the court erred when it found that both Husband and Wife "will have well over one million in retirement assets." We agree.

{¶8}    The Ohio Supreme Court has recently clarified the civil manifest weight analysis in *Eastley v. Volkman*, Slip Opinion No. 2012-Ohio-2179.  The *Eastley* Court held that "[i]n civil cases, as in criminal cases, the sufficiency of the evidence is quantitatively and qualitatively different from the weight of the evidence."  *Eastley* at paragraph two of the syllabus. "'[S]ufficiency' is a term of art meaning that legal standard which is applied to determine * * * whether evidence is legally sufficient to support [a finding] as a matter of law."  *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).

{¶9}    A verdict that is legally sufficient may still be against the manifest weight of the evidence.  In a challenge as to the weight of the evidence:

> [t]he [reviewing] court * * * weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.

*Eastley* at ¶ 20, quoting *Thompkins* at 387.  Sufficiency challenges the burden of production, while manifest weight challenges the burden of persuasion.  *Eastley* at ¶ 19.

{¶10}   While Wife argues that the trial court's finding is against the manifest weight of the evidence, we conclude that Wife's challenge is to the burden of production and not to the burden of persuasion, and therefore, analyze her argument as a challenge to the sufficiency of the evidence.

{¶11}   R.C. 3105.18(C)(1) lists factors that the court must consider when determining the amount and duration of spousal support.  One such factor is "[t]he retirement benefits of the parties."  R.C. 3105.18(C)(1)(d).  Here, the trial court made "specific findings with respect to request by Wife for spousal support."  In these findings the court stated "Retirement is divided equally.  Both will have well over one million in retirement assets."  Wife argues that once the

retirement accounts are divided, she will have less than, and not well over, one million dollars in retirement.

{¶12} There are three retirement accounts to be split evenly between Husband and Wife: Hawaii Permanente Medical Group Profit Sharing, Ohio Permanente Medical Group Profit Sharing, and Physicians Retirement Plan for Ohio Medical Group. At the time of trial, the approximate values of these accounts were $1,000,000, $250,000, and $709,247, respectively; a total of $1,959,247. An equal division entitles Wife to $979,623.50. Wife also retained 100% of her IRA account with an approximate balance of $13,000. After a division of the retirement accounts, therefore, Wife would have a total of $992,623.50 in retirement.

{¶13} Husband argues that the phrase "retirement assets" was meant to include Wife's share of the value of the marital home, which puts her share over a million dollars. This is not a fair reading of the court's judgment entry. The court addressed the retirement accounts and assets on separate lines. On line 7(d) the court found that "Retirement is divided equally. Both parties will have well over one million in retirement assets." On line 7(i) the court found that the "[p]arties have divided assets and liabilities equally." Husband had agreed to pay Wife $190,000 for her share of the marital property by June 30, 2012. It is not reasonable to read this payment into the line dividing retirement equally.

{¶14} Husband further argues that the court meant that the parties will both have well over one million dollars when they retire at some point in the future. We disagree. There is no indication that the court was trying to predict what the value of the retirement investments would be on some undetermined future date. Because Wife's retirement will be less than one million dollars and the trial court found that both parties would have "well over one million" dollars, we conclude the trial court erred in its factual finding.

**{¶15}** The trial court was required to consider the factors listed in R.C. 3105.18(C)(1) when determining the terms and duration of spousal support. These factors include the retirement benefits of the parties and "income derived from property divided, disbursed, or distributed." R.C. 3105.18(C)(1)(a), (d). Because the amount of retirement divided between the parties is a factor that must be considered when determining spousal support, we are unable to determine what impact, if any, the factual error had on the spousal support. Accordingly, Wife's first assignment of error is sustained.

Wife's Assignment of Error Number Two

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT LIMITED THE DURATION OF SPOUSAL SUPPORT.

Wife's Assignment of Error Number Three

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DID NOT RESERVE JURISDICTION OVER THE TERM OF SPOUSAL SUPPORT.

**{¶16}** In her second and third assignments of error, Wife argues that the court erred when it limited the duration of spousal support and when it did not retain jurisdiction over the term. Because we have concluded that Wife's first assignment of error requires a remand, we decline to address Wife's second and third assignments of error. *See* App.R. 12(A)(1)(c).

Husband's Assignment of Error Number One

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY FAILING TO FIND THAT THE APPELLANT/CROSS-APPELLEE, NANCY RAYKOV, WAS STILL MARRIED AT THE TIME THAT SHE ENTERED INTO THE MARRIAGE WITH THE APPELLEE/CROSS-APPELLANT, PAUL RAYKOV.

**{¶17}** In his first assignment of error, Husband argues that the court erred when it failed to find that Wife was still married to her previous husband. Specifically, Husband argues that it was Wife's burden to show that her divorce from her first husband was final and that she failed to meet this burden. We disagree.

{¶18} Failure to raise an issue "which [] is apparent at the time of trial, constitutes a waiver of such issue * * *, and therefore need not be heard for the first time on appeal." *State v. Awan*, 22 Ohio St.3d 120 (1986), syllabus.

{¶19} Husband argues that the burden of proving the validity of the marriage lies with Wife because of her previous marriage and that Wife failed to provide proof that she was divorced at the time of entering into the marriage with Husband. However, there is no evidence in the record that Husband ever disputed the validity of his 26-year marriage to Wife before this appeal. In all of the cases cited by Husband in his brief, there was a legal dispute over the validity of a marriage. *See Indus. Comm. v. Dell*, 104 Ohio St. 389 (1922) (two different women seeking compensation as widow from deceased's employer); *Dibble v. Dibble*, 88 Ohio App. 490 (5th Dist.1950) (two different women claiming to be widow and surviving spouse of Herbert Dibble); *Kaur v. Bharmota*, 182 Ohio App.3d 696, 2009-Ohio-2344 (10th Dist.) (two different women seeking compensation from estate as surviving spouse); *Bajurczak v. Estate of Bajurczak*, 139 Ohio App.3d 78 (9th Dist.2000) (two different women seeking to be recognized as surviving spouse by probate court). These cases are distinguishable from this case where Husband never raised the issue of the validity of the marriage at the trial level.

{¶20} Husband repeatedly acknowledged that he was married to Wife in 1985 and never challenged the validity of his marriage at the trial court level. We conclude, therefore, that he has forfeited this issue on appeal. Husband's first assignment of error is overruled.

Husband's Assignment of Error Number Two

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION TO THE DETRIMENT OF THE APPELLEE/CROSS-APPELLANT BY FAILING TO RULE ON HIS MOTION TO COMPEL DISCOVERY.

{¶21} In his second assignment of error, Husband argues that the court erred when it failed to rule on his motion to compel discovery. We disagree.

{¶22} A trial court's decision in a discovery matter is reviewed for an abuse of discretion. *Maschari v. Tone*, 103 Ohio St.3d 411, 2004-Ohio-5342, ¶ 18. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶23} "A motion not expressly decided by the trial court when the case is concluded is ordinarily presumed to have been overruled." *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, ¶ 13. Husband's motion, therefore, is deemed to have been denied.

{¶24} Additionally, Summit County Domestic Relations Court Loc.R. 20.05 requires "[a]ll motions to compel discovery * * * be filed no later than seven days before the status conference, initial pretrial conference or any hearing subsequent thereto." Husband filed his motion to compel discovery on June 28, 2011. The record is unclear as to whether the trial took place on June 28 or 29, 2011. Either way, however, the motion was not filed seven days before trial. Moreover, during trial Husband made no mention of his motion to compel or that he was lacking access to necessary documents. Because Husband's motion to compel was untimely and not brought to the attention of the trial court, we cannot conclude that the trial court abused its discretion by not ruling on his motion. Husband's second assignment of error is overruled.

Husband's Assignment of Error Number Three

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY FAILING TO DETERMINE THAT THE PARTIES' MARRIAGE HAS ENDED ON DECEMBER 31, 1997.

{¶25} In his third assignment of error, Husband argues that the court erred when it failed to find that the marriage had a de facto termination date in 1997, when the parties moved into separate bedrooms. We disagree.

{¶26} When determining an equitable division of marital property and for calculating spousal support, it is necessary for the court to define the duration of the marriage. *See* R.C. 3105.171 and 3105.18. Unless it would be inequitable, the duration of a marriage is the period of time between the date of the marriage and the date of the final divorce hearing. R.C. 3105.171(A)(2)(a). To avoid inequity, the court may find that the marriage ended prior to the final hearing. *See* R.C. 3105.171(A)(2)(b). "A trial court's determination of the dates used in accordance with R.C. 3105.171(A)(2) is reviewed on appeal under an abuse of discretion standard." *Dus v. Dus*, 9th Dist. No. 18770, 1998 WL 733724, *3 (Oct. 21, 1998). An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore*, 5 Ohio St.3d at 219.

{¶27} Husband argues that it was inequitable, and an abuse of discretion, for the court to find that the marriage ended on the date of the final divorce hearing. Specifically, Husband argues that the court should have found that the marriage was effectively over in 1997 and the court should have used this date to calculate his spousal support obligation.

{¶28} Husband and Wife moved to Ohio in 1997, about which time they each moved into separate bedrooms. Despite not having sexual relations, there is evidence in the record that Husband and Wife were still functioning as a family unit. Husband and Wife continued to live

under the same roof. Husband paid the bills and maintained the home by doing lawn work and repairs. Wife took care of the children, did the grocery shopping, and the cooking and cleaning. While there is evidence that Wife did not clean Husband's bedroom or prepare all of Husband's meals, this is not dispositive. After reviewing the record, we cannot conclude that the trial court abused its discretion when it declined to find that the marriage had a de facto end in 1997. Husband's third assignment of error is overruled.

III

**{¶29}** Wife's first assignment of error is sustained, and her remaining assignments of error are moot. Husband's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment affirmed in part,<br/>reversed in part,<br/>and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

BETH WHITMORE
FOR THE COURT

CARR, J.
<u>CONCURS.</u>

DICKINSON, J.
<u>CONCURRING.</u>

{¶30} I concur in the majority's judgment and all of its opinion except paragraph 24.

<u>APPEARANCES:</u>

KENNETH L. GIBSON and RANDAL A. LOWRY, Attorneys at Law, for Appellant/Cross-Appellee.

SUSAN K. PRITCHARD, Attorney at Law, for Appellee/Cross-Appellant.