**[Cite as *Salter v. Salter*, 2013-Ohio-559.]**

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | | |
|---|---|---|
| CORY D. SALTER | | C.A. No.     26440 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JENNIFER E. SALTER nka ELIJAH | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | | CASE No.     2010 02 0437 |

DECISION AND JOURNAL ENTRY

Dated: February 20, 2013

BELFANCE, Judge.

{¶1}    Cory Salter appeals the trial court's interpretation of the divorce decree.  For the reasons set forth below, we affirm.

I.

{¶2}    Mr. Salter and Jennifer Elijah married in 2008.  In early 2010, Mr. Salter filed a complaint for divorce.  The parties entered into a separation agreement, which the court incorporated into the final decree of divorce.  One month after the trial court issued the divorce decree, Ms. Elijah filed a contempt motion against Mr. Salter, alleging that he refused to pay the Fifth Third Bank credit cards as agreed in the separation agreement.

{¶3}    Ms. Elijah subsequently moved for relief from judgment pursuant to Civ.R. 60(B)(3) and also sought a declaratory judgment from the court interpreting the parties' divorce decree.  Mr. Salter opposed Ms. Elijah's motions.  The trial court denied Ms. Elijah's Civ.R.

60(B) motion but issued an entry stating that the divorce decree required Mr. Salter to pay the Fifth Third Bank credit cards.

{¶4} Mr. Elijah has appealed, raising three assignments of error for our review. For ease of discussion, we have rearranged his assignments of error.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT INTERPRETED AN UNAMBIGUOUS SEPARATION AGREEMENT CONTRARY TO THE ORDINARY MEANING OF THE SEPARATION AGREEMENT AND THE INTENT OF THE PARTIES.

{¶5} In Mr. Salter's first assignment of error, he argues that the separation agreement unambiguously makes Ms. Elijah responsible for the Fifth Third Bank credit cards. We disagree.

{¶6} "Separation agreements are contracts, subject to the same rules of construction as other contracts." (Internal quotations and citations omitted.) *Hahn v. Hahn*, 9th Dist. No. 11CA0064-M, 2012-Ohio-2001, ¶ 9. "The interpretation of any terms of a separation agreement is a question of law, as is the determination of whether a contract is ambiguous[,]" and, therefore, this Court reviews both propositions de novo. *Id*. at ¶ 9. "In construing any written instrument, the primary and paramount objective is to ascertain the intent of the parties. The general rule is that contracts should be construed so as to give effect to the intention of the parties." *Aultman Hosp. Assn. v. Community Mut. Ins. Co.*, 46 Ohio St.3d 51, 53 (1989). "Common words appearing in a written instrument will be given their ordinary meaning unless manifest absurdity results, or unless some other meaning is clearly evidenced from the face or overall contents of the instrument." (Internal quotations and citations omitted). *Id*. at 54.

{¶7} The separation agreement, in relevant part, reads:

Each party warrants and represents that they know of no other debts in the name of the other party not specifically set forth herein, and further warrants and represents that they have not incurred any debt in the name of the other party not specifically set forth herein. See Exhibit A[.] Both parties hereby agree to assume the sole liability and responsibility for any and all other debts, obligations or liabilities of any nature not enumerated above in his or her own name whatsoever, whether assumed before or hereafter.

Specifically, each shall be responsible for any and all credit and/or credit/charge/debit card debt in his or her own name * * *.

(Emphasis deleted.). "See Exhibit A" was inserted in handwriting and initialed by Mr. Salter and Ms. Elijah. "Exhibit A" was a handwritten addendum on the final page of the document, directly beneath the parties' signatures, which stated:

[Ms. Elijah] shall indemnify & hold [Mr. Salter] harmless on her Chase and Bank of America credit cards, and all other cards in her name.

[Mr. Salter] shall indemnify & hold [Ms. Elijah] harmless on his Chase, both Fifth Third, and Capital One credit cards, and all other cards in his name.

**{¶8}** Mr. Salter argues that "[t]he ordinary meaning of the companion paragraphs in Exhibit A is that [Ms.] Elijah keeps her credit card and their associated debt, and [Mr.] Salter keeps his credit cards and associated debt." He further argues that Exhibit A should be read to require Mr. Salter to pay "his Chase, both [his] Fifth Third, [and his] CapitalOne credit cards * * *." Generally, an initial modifier will modify all elements that follow unless there is a subsequent modifier. *See, e.g.,* Strunk and White, *The Elements of Style*, 27 (4th Ed.2000) ("[A]n article or a preposition applying to all the members of a series must either be used only before the first term or else be repeated before each term."). *See also Washington Edn. Assn. v. Natl. Right to Work Legal Defense Found., Inc.*, 187 Fed.Appx. 681, 682 (9th Cir.2006) (compiling cases explaining this general rule). However, in this sentence, "both" is a subsequent modifier, meaning that "his" would not apply to the Fifth Third portion of the clause. Both is commonly defined as meaning "the one as well as the other" or "affecting or involving the one

and the other[.]" *Merriam-Webster's Collegiate Dictionary*, 145 (11th Ed.2005). Thus, the clear import of Exhibit A is that Mr. Salter is responsible for "one [of the Fifth Third credit cards] as well as the other[,]" regardless of whose name was on the account.

{¶9} Nevertheless, Mr. Salter argues that Exhibit A of the separation agreement must be read in concert with the rest of the agreement. According to Mr. Salter, "[t]he theme emanating from the [s]eparation [a]greement is '[y]ou take what what is yours, I will take what is mine[,]'" and, Exhibit A should be read with this in mind. However, Mr. Salter's interpretation of the separation agreement ignores that the term "Exhibit A" was inserted before the phrase "[b]oth parties hereby agree to assume the sole liability and responsibility for any and all other debts, obligations or liabilities of any nature *not enumerated above* in his or her own name * * *." (Emphasis deleted.). Thus, Exhibit A is an exception to the more general catch-all provision since the debts in Exhibit A must be considered as having been "enumerated above[.]"

{¶10} We acknowledge that Exhibit A could have been clearer; namely, it could have specifically listed the account numbers corresponding to the Fifth Third accounts for which Mr. Salter was responsible. Nevertheless, the clear import of Exhibit A is that the parties had two Fifth Third credit cards and that Mr. Salter was responsible for both of them, regardless of whose name was on the account.

{¶11} Accordingly, Mr. Salter's first assignment of error is overruled.

ASSIGNMENT OF ERROR III

THE TRIAL COURT RETROACTIVELY MODIFIED THE PARTIES' DIVISION OF PROPERTY CONTRARY TO R.C. 3105.171(I) WHEN IT ORDERED APPELLANT, CORY SALTER, TO PAY FOR APPELLEE'S "FIFTH THIRD OVERDRAFT" DEBT, WHICH WAS NOT SPECIFICALLY IDENTIFIED IN THE PARTIES' SEPARATION AGREEMENT.

{¶12} Mr. Salter argues in his third assignment of error that the trial court's determination that he must pay the "overdraft" debt impermissibly modified the final divorce decree by requiring him to pay a debt that was not a credit card debt. *See* R.C. 3105.171(I) ("A division or disbursement of property or a distributive award made under this section is not subject to future modification by the court except upon the express written consent or agreement to the modification by both spouses."). He argues that, to the extent Exhibit A of the separation agreement requires him to pay the Fifth Third Bank credit cards, it did not require him to pay the "overdraft" debt because this debt was not a credit card. However, Mr. Salter never raised this issue in the trial court despite Ms. Elijah arguing that he was responsible for the overdraft account, and this Court will typically not address arguments raised for the first time on appeal. *See Raykov v. Raykov*, 9th Dist. No. 26107, 2012-Ohio-2611, ¶ 18.

{¶13} Furthermore, Mr. Salter even stated in his motion in opposition that Ms. Elijah "has demanded that [he] pay for * * * two Fifth-Third credit cards that are in [her] name." In other words, not only did Mr. Salter not raise the issue below, his actions in the trial court are inconsistent with his position on appeal. As we noted in Mr. Salter's first assignment of error, there is no other reasonable interpretation of Exhibit A other than that the parties had two Fifth Third credit cards and Mr. Salter was responsible for both of them. Notably, the parties' agreement makes no distinction between the accounts, and nothing in the agreement would allow us to conclude that the "overdraft" account is anything other than a credit card. Given that Mr. Salter never disputed the issue below, we cannot conclude that the trial court's journal entry constituted a modification of the division of marital property after the decree had been finalized.

{¶14} Accordingly, Mr. Salter's third assignment of error is overruled.

ASSIGNMENT OF ERROR II

ASSUMING, *ARGUENDO*, THAT THE SEPARATION AGREEMENT WAS AMBIGUOUS, THE TRIAL COURT'S INTERPRETATION RELIED ON OUTDATED AFFIDAVITS TO DETERMINE THE PARTIES' INTENT, AND THE COURT'S INTERPRETATION IS NOT SUPPORTED BY COMPETENT, CREDIBLE EVIDENCE.

{¶15} In Mr. Salter's second assignment of error, he argues that, if the separation agreement was ambiguous, the trial court was required to hold an evidentiary hearing. However, because we have concluded that the separation agreement was not ambiguous, this assignment of error is moot, and, therefore, we decline to address it. *See* App.R. 12(A)(1)(c).

III.

{¶16} Mr. Salter's first and third assignments of error are overruled, and his second assignment of error is moot. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

MOORE, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

CHARLES E. GRISI, Attorney at Law, for Appellant.

PAUL E. ZINDLE, Attorney at Law, for Appellee.